■ JOSEPH CALCATERRA, Respondent, v CITY OF NEW YORK, Defendant, and SPEARIN, PRESTON & BURROWS, INC., Appellant. [845 NYS2d 22]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered June 30, 2006, which granted plaintiff's motion for summary judgment as to his status as a seaman under the Jones Act and denied the cross motion of defendant Spearin, Preston & Burrows (SPB) for summary judgment dismissing so much of the complaint as sought relief under the Jones Act and the Longshore and Harbor Workers' Compensation Act (LHWCA), unanimously affirmed, with costs.

Plaintiff qualified as a seaman under the Jones Act (46 USC § 30104 [a], formerly 46 USC Appendix § 688 [a]). He was employed by SPB, a marine construction company, in connection with the installation of a sewer main under Eastchester Bay, from Throgs Neck to City Island, a distance of approximately a mile and a half. Using barges equipped with cranes, plaintiff's crew drove vertical interlocking steel sheets into the seabed to define a trench area, a second barge crew dredged the trench between the steel sheets, a third laid pipe in the trench, and a fourth removed the steel sheeting, which was placed in the barge for use at another location. Materials were carried on scows, which were stored at a mooring buoy about a mile from the construction site. The cranes on the barges were used to lift material off the scows and place it where needed. Tugboats were used to move the barges, which were also equipped with deck engines that could be moved by the crews, and to ferry the workers to and from the barges.

Plaintiff was taken by tugboat every morning to the barge construction site in the middle of the bay where he spent the entire day at work. At the time of his injury, he was retrieving a scow filled with material from the mooring, to which he had been towed by tugboat on an empty scow.

To qualify as a seaman for purposes of the Jones Act, an employee's duties must contribute to the function of the vessel or to the accomplishment of its mission, and the employee must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature (*Chandris, Inc. v Latsis*, 515 US 347, 368 [1995]).

Contrary to SPB's contentions, the evidence establishes conclusively that the barge to which plaintiff was assigned was a "vessel in navigation," i.e., a "watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment" (*see Stewart v Dutra*

*Constr. Co.*, 543 US 481, 497 [2005] [holding that a dredge fit this category]); that plaintiff's duties contributed to the accomplishment of its mission, i.e., to prepare an area for the dredging of a trench (*see McDermott Int'l, Inc. v Wilander*, 498 US 337, 346 [1991] [holding that supervisor of sandblasting and painting of various fixtures and piping on oil drilling platforms in the Persian Gulf was a seaman]); and that plaintiff had a connection to the barge that was substantial in terms of both its duration and its nature, i.e., at the time of the accident he had been out on the barge every day for about four months (*see id.* at 354 ["It is not the employee's particular job that is determinative, but the employee's connection to a vessel"]; *cf. O'Hara v Weeks Mar., Inc.*, 294 F3d 55, 64 [2d Cir 2002] [denying seaman status to an employee whose work making repairs to a pier from a barge secured to the pier gave him only a "transitory or sporadic" connection to the barge in its capacity as a vessel in navigation]).

Plaintiff was not precluded from bringing a Jones Act claim by reason of the fact that he had commenced this action after resolution of his LHWCA claim against defendant (*see Southwest Marine, Inc. v Gizoni*, 502 US 81, 91 [1991]; *cf. Mooney v City of New York*, 219 F3d 123, 131 [2d Cir 2000], *cert denied* 531 US 1145 [2001] [even "a formal award that gives the claimant no more than payments that are analogous to maintenance and cure will not be deemed to settle all of the seaman's claims and will not bar a Jones Act suit"]).

In view of the above, we need not reach SPB's contentions as to dismissing plaintiff's LHWCA claims. Concur—Tom, J.P., Saxe, Gonzalez and Sweeny, JJ.